Curia, per

Wardlaw, J.
It has been frequently held, in this State, that sales by a sheriff under execution, are within the statute of frauds, but that, in making them, the sheriff is the agent of all the parties, and an entry made by him, is a memorandum in writing, binding upon them. See 5 MSS. 598, Columbia, 1830, Day vs. Hendrix; Secrist vs. Twitty, 1 McMull. 255. Whether such sales are to be distinguished from sales by a master under decrees in Equity, and whether the latter come within the principles of the rule laid down by Lord Hardwick, in Attorney General vs. Day, 1 Ves. sr. 218, we are not now called upon to consider. It has, however, been most earnestly pressed upon the court, that our decisions referred to may all be rested upon other grounds ; that judicial sales, (amongst which sheriffs’s sales are assumed to fall) are not within the reasons of the statute, (Bail. Eq. 118, Anderson vs. Chick;) that the provisions of the statute being inapplicable to one party in a sale made by the law, *409 could not have been intended to embrace such sale at all; Tate vs. Greenlee, 4 Dev. 151; and that if the sheriff, as a party, be not bound without writing, he may set aside any such sale, by neglect or refusal to make an entry of it.
If the question were open here, the reasons for and against making sheriffs’s sales an exception to the statute, are too nearly balanced to establish such exception against the comprehensive words of the statute.
In this State, at a sale of lands by a sheriff under execution, the debtor, acting through his agent, the sheriff, is the vendor. The title remains in the debtor, until the sheriff’s conveyance be made, and the judgment and execution constitute a power under which the sheriff sells and conveys that title.
The law has directed an entry, by which, consistently with the statute of frauds, the purchaser may be bound; and the law is not deficient of means to punish a delinquent officer, and to compel him to perform his duties. If the sheriff should refuse to make the entry, he would be liable to answer in damages to a person injured thereby, and would, moreover, upon such clear evidence as is required for summary proceedings, be coerced to make the entry, as he would be to make the conveyance after the entry.
We, then, are well satisfied to adhere to the decisions which have held sheriffs’s sales under execution to be within the statute of frauds. But looking to our sheriffs’s Act of 1839, we find that the Legislature seems well to have understood the construction of the statute, of frauds, which has long prevailed as to auction sales, and in conformity with that construction, has directed how sheriffs’s sales shall be entered. The sheriff is required to keep a “sales book,” and in it to make entry of the particulars specified by the Act. The entries in this book of the name of the purchaser, and of the price bid, where no necessity requires a departure from the regular course, ought to be the original entries, and ought to be made immediately after the hammer has fallen, by the sheriff himself, or a regular deputy. So made, these entries would, no doubt, bind all the parties, and serve as prima facie proof of the truth of the facts entered, even in an action *410 brought by the sheriff, (Bennett vs. Carter, Dud. 142;) while, without our vendue Act, it might be considered that an entry made by tin ordinary auctioneer would not, in an action brought by himself, be a signing which would bind the purchaser ¡ (Farebrother vs. Simmons, 5 B. & Ald. 333.)
In the case now before us, the entries at Hamburg were not in the “ sales book,” and the entries in the sales book were not made at the time of sale. But the sale was made at an irregular place, by consent; the book was properly kept in the sheriff’s office, twenty miles off; and if the sales were, in the regular course of business, transferred from a sufficient memorandum to the book, in a reasonable time, that was done which satisfies the law, and which the purchaser may be presumed to have assented to.
The office book is the evidence required by the law, and in it the entries are intelligible to a reasonable degree of certainty, even without headings to the columns; they are made certain beyond mistake, by transferring, as may be done, the headings of columns on preceding pages of the book, to the similar columns of the pages where these entries are made. The entries made at Hamburg are certain enough, too; but they are not what the law requires, and would not, of themselves, sustain this action ; although they serve to counteract the irregularity, of the official entries being made some days after the sale. They may be resorted to, also, as auxiliary evidence, to assist the memory of witnesses, in rebutting any proof that the defendant may offer to contradict the authority to sign his name to the contract, which is inferred from his being the last bidder, at the price set down.
The nonsuit in this case was granted in respect for the case of Entz vs. Mills & Beach, 1 McMull. 453, which, in many particulars, is like this. There, whilst it is admitted that the presence and assent of the purchaser may give effect to an entry by a clerk, the entries of an auctioneer’s clerk, made in a manner not to be distinguished from that in which the sheriff’s clerk here made the entries at Hamburg, were held insufficient. That case proceeds upon a strict application of the rule, delegatus non *411 potest delegare, and supposes a special confidence in the auctioneer, which makes him, and him only, the agent of the parties.
But that rule cannot be applied to sheriffs, who are authorized to act by deputy; and whose entries, made in the books and in the form prescribed, either personally or by deputy, must be taken to be regular, until the contrary be shewn ; and must, where the parol authority of a person to be charged is requisite for their effect, be presumed to have that authority, until it be disproved. The sheriff may be the crier of his own sales, and another may make the entries by his directions; or he may make the entries and another be the crier ; or -he may commit the several duties concerning a sale to one or to two persons, in his presence or in his absence. In all these cases, the sale, if regularly conducted and entered, is a sale by the sheriff. The authority which the law implies from the debtor, to make the sheriff his agent, is given, not to the individual, but to the officer, to be exercised not in person, but as the law permits ; and the authority of the bidder, to bind him by an entry, is given to the person who may make the entry regularly, under and by virtue of the powers of the sheriff’s office.
The motion to set aside the nonsuit, is, therefore, granted.
Richardson, O’Neall, Evans and Butler, JJ. concurred.
Frost, J. dissented.